IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ALLEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION 03-0375-WS-L |
| | ) |
| WARDEN GRANT CULLIVER, *et al.*, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Robert S. Allen's pleading styled "Motion to Vacate Set Aside Court Order Denial of Petitioner's Habeas Petition Pursuant to Rule 60(b)(1) and 6 of the Fed.R.Civ.P." (doc.16) and subsequent responsive briefs addressing the applicability of the prisoner mailbox rule to the instant case (docs. 19, 20).

On March 17, 2004, the undersigned entered an Order (doc. 14) denying Allen's Petition for Writ of Habeas Corpus by a Person in State Custody (doc. 1) pursuant to 28 U.S.C. § 2254. The Clerk's Office did not receive a timely notice of appeal from petitioner. On May 4, 2005, petitioner filed his Motion to Vacate (doc. 16) in which he contended that he should be permitted to proceed with his appeal at this time because back on March 28, 2004 he had provided a properly addressed envelope containing his Notice of Appeal to prison officials at Holman Correctional Facility, where he is presently an inmate. After rejecting petitioner's Motion to the extent it sought relief under either Rule 60(b), Fed.R.Civ.P., or Rule 4(a)(5), Fed.R.App.P., the Court requested supplemental briefing from the parties as to the applicability of the prisoner mailbox rule to these circumstances. Such briefs having been submitted, the Motion is now ripe for disposition.

In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) the Supreme Court set forth the characteristics of and the rationale for the "prisoner mailbox" rule. The *Houston* Court held that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than when it is received

by the court clerk.  487 U.S. at 276; *see also Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (pointing out that "a prisoner's notice of appeal is deemed filed when delivered to prison authorities").  "Furthermore, the prisoner mailbox rule applies even when the motion is never received or filed by the court." *Gracey v. United States,* 131 Fed.Appx. 180, 181 (11th Cir. Apr. 29, 2005).  There are two principal justifications for this rule.  First, *pro se* prisoners cannot take the precautions available to other litigants to ensure that their documents are timely filed.  *See Houston*, 487 U.S. at 271 ("Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation.").  Second, the *pro se* prisoner must "entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.*

      Petitioner assumes that his obligation under the mailbox rule is satisfied the moment he hands the envelope to prison authorities for mailing.  He is mistaken.  In an unpublished opinion, the Eleventh Circuit has embraced appellate precedent declaring that a prisoner cannot receive the benefits of the mailbox rule if he has failed to do all he reasonably can to ensure that the documents are received for filing in a timely manner.  *See Gracey*, 131 Fed.Appx. at 181 ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, ***so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.***") (emphasis added) *(quoting Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001)); *see generally Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002) (in different context, finding that habeas petitioner had not diligently attempted to confirm status of order where he waited 16 months before inquiring to clerk's office).  This Court will follow *Gracey* in holding that the obligations and responsibilities of a prisoner under the rule of *Houston v. Lack* continue after the letter is delivered to prison authorities.  In particular, a prisoner may forfeit his right to invoke the rule if he fails to exercise reasonable diligence in ascertaining the status of his appeal after delivering a mailing to prison authorities and not hearing from the district or appellate courts within a reasonable period of time regarding same.

      In applying this legal standard to Allen's request, the Court will assume, without finding, that all factual disputes would have been resolved in petitioner's favor.  Thus, the Court assumes that Allen

properly presented a Notice of Appeal to correctional officer Nicholas Gregson at Holman on March 28, 2004, in a properly addressed envelope, first-class postage prepaid, and that the letter was subsequently lost on its journey to the Clerk's Office.  However, the question remains as to whether Allen "diligently follow[ed] up once he ha[d] failed to receive a disposition from the court after a reasonable period of time." *Gracey*, 131 Fed.Appx. at 181.  The uncontroverted evidence here is that petitioner did not inquire of the Clerk's Office regarding the status of his appeal until March 14, 2005, almost a year after he provided the Notice of Appeal to Officer Gregson for mailing.  In Allen's response brief, he claims that his 12 month delay was not inconsistent with the reasonable diligence requirement, but rather was intended to "giv[e] the court sufficient amount of time to notify petitioner." (Petitioner's Reply (doc. 20), at 3.)  This justification is insufficient.  Allen knew or should have known that something was amiss when received no acknowledgment of or response to his Notice of Appeal, and no notice that an appeal had in fact been initiated on his behalf in the Eleventh Circuit, yet he did nothing.  Allen's subsequent inaction for nearly 12 months cannot constitute the reasonable diligence required to ensure that the Notice was received for filing in a timely manner.  *Compare Huizar*, 273 F.3d at 1223 (finding reasonable diligence when prisoner contacted the court after not receiving a response to his petition mailed two months previously).[1]

      Furthermore, although Allen is a *pro se* prisoner, he is at least somewhat familiar with the appellate process, as this case has an extensive procedural history.  After being found guilty by a jury in state court in 1997, Allen filed a direct appeal in Alabama appellate courts, only to have his conviction and sentence affirmed in 1998.  After the filing and denial of a post conviction Rule 32 Petition in state court, Allen filed a timely habeas petition in federal court, followed by a timely objection to the Magistrate Judge's Report and Recommendation.  Given petitioner's general familiarity with the

---

[1] The Court recognizes that it may be problematic to pinpoint the exact moment in time at which it becomes unreasonable for a petitioner not to follow up regarding the status of his appeal.  The Court's research has not divulged any authority identifying the precise bright line separating reasonable diligence from unreasonable delay.  Wherever that line of demarcation may lie, however, it is clear that the delay here far exceeds any that could plausibly be permitted under any rational construction of the "reasonable diligence" requirement.

procedural and appellate processes, Allen was on inquiry notice that there was a problem with his appeal when he received no response or acknowledgment to his Notice of Appeal by either this Court or the Eleventh Circuit. Such notice obliged him to follow up long before 12 months elapsed. His failure to do so deprives him of the right to invoke the prisoner mailbox rule to render his Notice of Appeal deemed filed back in March 2004.

In reaching this conclusion, no evidentiary hearing is necessary, inasmuch as the Court has assumed that all factual disputes would have been resolved in favor of petitioner. Prisoners seeking the benefit of the prisoner mailbox rule must exercise reasonable diligence in following up with court officials regarding the status of their legal documents after delivering them to prison authorities for mailing. Because of Allen's inaction for nearly 12 months after presenting his Notice of Appeal to prison authorities for mailing, despite the absence of any confirmation by anyone that his Notice had been received, his act of sending a letter to the Clerk's Office to inquire about the status of his appeal on March 14, 2005 falls well short of the reasonable diligence threshold. Accordingly, petitioner is not entitled to the benefit of the prisoner mailbox rule, and his Notice of Appeal will not be deemed filed on March 28, 2004. Petitioner having failed to file a Notice of Appeal in a timely manner, his Motion To Vacate Set Aside Court Order Denial Of Petitioner's Habeas Corpus Petition Pursuant to Rule 60(b)(1) and 6 of the Fed.R.Civ.P. (doc. 16) is **denied.**

DONE and ORDERED this 20th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE