IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT ALLEN,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**WARDEN GRANT CULLIVER,** *et al.*, )<br>)<br>Respondent. ) | **CIVIL ACTION 03-0375-WS-D** |

**ORDER**

This matter comes before the Court on petitioner Robert Allen's Objection or in the Alternative Motion to Alter and Vacate the Judgment (doc. 23).  In his filing, petitioner takes issue with the Court's finding that he cannot avail himself of the prisoner mailbox rule because he failed to act with reasonable diligence in following up after failing to hear from any court after submitting his Notice of Appeal to prison authorities for mailing.  Petitioner does not challenge the Court's determination that he waited nearly a year before inquiring as to the status of his appeal.  Nor does petitioner dispute the existence of the "reasonable diligence" threshold for entitlement to the prisoner mailbox rule.  Instead, petitioner's sole argument is that the Court's finding that his 12-month delay flunks the reasonable diligence requirement was erroneous.

For the reasons set forth in the Order (doc. 22) dated July 20, 2005, the Court cannot agree.  After careful consideration of the record and petitioner's contentions in his latest filing, the Court remains of the opinion that petitioner's conduct was inconsistent with his "reasonable diligence" obligations pursuant to the prisoner mailbox rule.  Despite having good reason to believe that something was amiss, petitioner failed to make any effort to follow up for almost a year after he submitted the Notice of Appeal.  He has offered no evidence that he was in any way prevented from making an inquiry, much less that prison or court authorities misled him or lulled him into a false sense of security about the status of his Notice of Appeal.  Instead, the uncontroverted evidence is that Allen sat on his hands, taking no action long after any reasonable litigant would have realized that his Notice of Appeal

had never been received or processed. Contrary to petitioner's position, the Alabama state court guidelines for timely adjudication of circuit cases are irrelevant to the "reasonable diligence" inquiry here. Accordingly, petitioner's Objection is **overruled** and his Motion to Alter and Vacate the Judgment is **denied**.

DONE and ORDERED this 3rd day of August, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE